```
McGREGOR W. SCOTT
United States Attorney
BENJAMIN E. HALL
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Defendant
United States of America
```

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BETTINA CLOUD, | 1:07-cv-01292-AWI-SMS |
| Plaintiff, | **SETTLEMENT STIPULATION;** |
| | **RELEASES; DISMISSAL; ORDER** |
| v. | |
| UNITED STATES POSTAL SERVICE and DOES 1 through 25,Inclusive, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Plaintiff, Bettina Cloud ("Plaintiff"), and defendant, the United States of America ("United States") (collectively, the "parties"), and their undersigned attorneys as follows:

    1.   The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

1

1           2.    The United States agrees to pay the sum of Twenty-
2  Four Thousand Dollars ($24,000.00) to Plaintiff, which sum shall
3  be in full settlement and satisfaction of any and all claims,
4  demands, rights, and causes of action of whatsoever kind and
5  nature, arising from, and by reason of, any and all known and
6  unknown, foreseen and unforeseen bodily and personal injuries,
7  damage to property and the consequence thereof, resulting, and to
8  result, from the subject matter of this action, including any
9  claims for wrongful death, which Plaintiff or her guardians,
10 heirs, executors, administrators, or assigns, and each of them,
11 now have or may hereafter acquire against the United States, its
12 agents, servants, and employees.
13          3.    Plaintiff and her guardians, heirs, executors,
14 administrators or assigns hereby agree to accept the sum set
15 forth in paragraph 2 in full settlement and satisfaction of any
16 and all claims, demands, rights, and causes of action of
17 whatsoever kind and nature, including claims for wrongful death,
18 arising from, and by reason of, any and all known and unknown,
19 foreseen and unforeseen bodily and personal injuries, damage to
20 property and the consequences thereof which they may have or
21 hereafter acquire against the United States, its agents,
22 servants, and employees on account of the same subject matter
23 that gave rise to this action, including any future claim or
24 lawsuit of any kind or type whatsoever, whether known or unknown,
25 and whether for compensatory or exemplary damages.  Plaintiff and
26 her guardians, heirs, executors, administrators, or assigns
27 further agree to reimburse, indemnify and hold harmless the
28 United States, its agents, servants and employees from and

1  against any and all such causes of action, claims, liens, rights,
2  or subrogated or contribution interests incident to, or resulting
3  from, further litigation or the prosecution of claims by
4  Plaintiff or any of her guardians, heirs, executors,
5  administrators or assigns against any third party or against the
6  United States.
7        4.   Plaintiff's undersigned attorney represents that
8  he has explained, and Plaintiff warrants and represents that she
9  intends, that this Stipulation shall release all existing and
10 future claims arising directly or indirectly from the acts or
11 omissions that gave rise to the above-captioned action, including
12 claims that are unknown and unforeseen, notwithstanding Section
13 1542 of the Civil Code of the State of California, which provides
14 as follows:
15           A general release does not extend to claims
16           which the creditor does not know or suspect
17           to exist in his or her favor at the time of
18           executing [this] Release, which if known by
19           him or her must have materially affected his
20           settlement with the debtor.
21       5.   This Stipulation is not, is in no way intended to
22 be, and should not be construed as, an admission of liability or
23 fault on the part of the United States or its agents, servants,
24 or employees, and it is specifically denied that they are liable
25 to Plaintiff.  This settlement is entered into by all parties for
26 the purpose of compromising disputed claims under the Federal
27 Tort Claims Act and avoiding the expenses and risks of further
28 litigation.

1        6.   The parties agree that they will each bear their
2   own costs, fees, and expenses; that any attorney's fees owed by
3   Plaintiff will be paid out of the settlement amount and not in
4   addition thereto; and that all outstanding or future bills and
5   liens will be the sole responsibility of Plaintiff.  Pursuant to
6   Title 28, United States Code, Section 2678, attorney's fees for
7   services rendered in connection with this action shall not exceed
8   25 percent of the amount of the compromise settlement.
9        7.   Payment of the settlement amount will be made by
10  check payable to Plaintiff and her attorney, Kirk J. Wolden, Esq.
11  Plaintiff's attorney agrees to distribute the settlement
12  proceeds.
13       8.   The parties and their undersigned attorneys agree
14  to execute and deliver such other and further documents as may be
15  required to carry out the terms of this agreement.
16       9.   Each person signing this Stipulation warrants and
17  represents that he or she possesses full authority to bind the
18  person[s] on whose behalf he or she is signing to the terms of
19  the Stipulation.
20       10.  Each person signing this Stipulation warrants and
21  represents that no promises, inducements, or other agreements not
22  expressly contained herein have been made; that this Stipulation
23  contains the entire agreement between the parties; and that the
24  terms of this Stipulation are contractual and not mere recitals.
25  This Stipulation may not be altered, amended, modified, or
26  otherwise changed in any respect, except by a writing duly
27  executed by the party to be charged.  All prior oral
28

understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

11. Each person executing this Stipulation represents that he or she has read and understands its contents; that he or she executes this Stipulation voluntarily; that he or she has not been influenced by any person acting on behalf of any party.

12. The above-captioned action is hereby DISMISSED WITH PREJUDICE in its entirety and, upon approval by the Court as provided below, the Clerk of the Court is requested to enter this dismissal and release in the official docket.

13. Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that this Court shall retain jurisdiction to enforce the terms of this settlement.


Dated: June 3, 2008.                    /s/ Bettina Cloud
                                        BETTINA CLOUD
                                        Plaintiff
                                        [Original signature on file
                                        with USAO]


                                        CLAYEO C. ARNOLD, a
                                        Professional Corporation

Dated: June 5, 2008.            By:     /s/ Kirk J. Wolden
                                        KIRK J. WOLDEN
                                        Attorneys for Plaintiff

```
                                    McGREGOR W. SCOTT
                                    United States Attorney


Dated: July 1, 2008.             /s/ Benjamin E. Hall
                             By: BENJAMIN E. HALL
                                 Assistant U.S. Attorney
                                 Attorney for the United States
```

ORDER

Pursuant to the parties' stipulation, this action is dismissed.  This Court shall retain jurisdiction to enforce the terms of this settlement.  The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

**Dated:   July 7, 2008**                    **/s/ Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE

SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER